## BURNHAM v. LOUIS MEYERS & SON, Inc., et al.

United States District Court
S. D. New York.
Aug. 16, 1948.

Harry Meisnere, of New York City, for plaintiff-appellant.

Philip W. Lowry, of New York City, for defendants-appellees.

KAUFMAN, District Judge.

The trial of this case was concluded before Honorable Alfred D. Barksdale, District Judge, and a jury, on May 6, 1948. The Court directed a verdict in favor of the defendants and dismissed the complaint. Judgment was accordingly entered in favor of the defendants and plaintiff appealed.

On June 14, 1948, the plaintiff served a notice pursuant to Rule 75(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., designating limited portions of the record to be submitted on appeal. On June 6, defendants' attorney, who practices alone, had left on an extended trip to the West and did not return until July 21. He was unable, therefore, to serve and file a designation of additional portions of the record to be included on the appeal within the ten-day period required by Rule 75(a), Federal Rules of Civil Procedure.

Immediately upon his return, however, defendants' attorney notified opposing counsel that plaintiff's designation had just come to his attention; that it did not include the cross-examination and recross-examination of the plaintiff at the trial, and asked consent for such portions of the testimony, along with the exhibits referred to therein, to be included in the record on appeal. When plaintiff's attorney refused, defendants served and filed counter-designations which included the above portions of the trial despite the lapse of the statutory ten-day period.

Defendants have now moved for an order relieving them of their default in failing to file the designation of additional matters to be included in the record on appeal within the prescribed period and for an order directing that the cross-examination and recross-examination of the plaintiff, together with the exhibits referred to in such testimony, be included therein. Plaintiff, by cross motion, urges that the counter-designations be stricken.

It is apparent from the papers and the argument on these motions that the record

on appeal without the cross-examination and recross-examination of the plaintiff and the exhibits referred to in that portion of the testimony is inadequate and incomplete. Defendants should therefore be relieved of their default in failing to file the designation of additional matters within the ten-day period, and their counter-designation should be allowed. It is understood that the defendants will furnish the originals of the exhibits so designated on appeal.

Plaintiff's cross motion is denied. Settle order on notice.